JOE BECK, appellee, v. PHILLIP G. KOSTOPULOS, appellant. .

No. 48531.

(Reported in 65 N.W.2d 403)

July 26, 1954.

Wm. A. Shuminsky, of Sioux City, for appellant.

Thomas Griffin, of Sioux City, for appellee.

OLIVER, J.—Defendant, Phillip Kostopulos, has operated Phillip's Cafeteria at 412 Pierce Street, Sioux City, since 1931. In 1936 he opened another restaurant at 424 Pierce Street, under the name of Phillip's Lunch. In 1938 he filed a statement, as required by the trade name statute, now chapter 547, Code of Iowa, 1954, reciting his ownership and operation of the restaurant at 424 Pierce Street, under the trade name of "Phillip's Lunch." No statement showing a change in ownership was ever filed.

Plaintiff was a dairyman. He regularly sold and delivered dairy products to both restaurants. This is an action against Phillip Kostopulos for $1659.30 which plaintiff contends was the agreed unpaid balance of his bill against the restaurant at 424 Pierce Street, which ceased operation in 1948. The amount of the bill is not directly questioned. Defendant contends that, about August 1, 1941, he sold the 424 Pierce Street restaurant to one Pete Petrow (since deceased) and so advised plaintiff, and plaintiff's bill was for dairy products thereafter sold to Petrow, who operated the restaurant under the name of "Phillip's Hamburger Shop" or "Phillip's Hamburger and Weiner Shop." Plaintiff denied defendant had sold the restaurant or that plaintiff had

knowledge thereof and contended also that defendant's failure to file a statement showing the change of ownership, as required by the trade name statute, rendered him liable for the debts of the business. Trial to a jury resulted in judgment against defendant for the amount of plaintiff's bill plus interest, and this appeal by defendant.

Defendant's only complaint here is that the trial court erred in overruling his motion for directed verdict, based upon the asserted failure of plaintiff's proof. In deciding such contention the rule requires the consideration of the record in the light most favorable to plaintiff.

Although there is much conflict in the record there is substantial evidence that: during all the time it was operated, from 1936 to 1948, defendant was in active charge of the restaurant at 424 Pierce Street; apparently there was no change in this respect at any time; about 90% of the times when plaintiff made deliveries defendant was in that restaurant "doing various things, behind the counter, checking the cash register and giving orders"; after the claimed sale to Pete Petrow, the operation of the restaurant continued under defendant's first name, either as "Phillip's Lunch", as claimed by plaintiff, or as "Phillip's Hamburger Shop" or "Phillip's Hamburger and Weiner Shop", as claimed by defendant, although defendant was operating "Phillip's Cafeteria" only a few doors distant; defendant gave plaintiff's driver instructions regarding deliveries of milk at 424 Pierce Street as well as at Phillip's Cafeteria; defendant asked plaintiff "to stop the next morning after it [424 Pierce Street] was closed and pick up the remaining merchandise and take it to the cafeteria"; shortly thereafter the beer license at 424 Pierce Street was transferred to Phillip's Cafeteria at 412 Pierce Street; thereafter Pete Petrow worked at Phillip's Cafeteria and held stock in that business; when the restaurant at 424 Pierce Street closed, plaintiff presented his bill and had several conferences with defendant concerning it; defendant did not deny the account, he said "he was a little short of money, he would take care of it a little later on"; plaintiff gave defendant a statement of the account, it was for $1659.30 and defendant "said he would take care of it as soon as he could."

We are satisfied the evidence was sufficient to require submission of the case to the jury. Hence, the error assigned is not meritorious. A question involving the waiver of the motion for directed verdict need not be determined.—Affirmed.

All JUSTICES concur.